May I please the court? I'm Kathleen Overton and I represent the appellant Tammy Sloan. Sloan started working at Sam's Club in 1998. The last four years of her career there, she worked as a phone attendant, performing significant elements of both a receptionist and a store laborer job. At the age of 51, she applied for disability benefits. Ignoring the store laborer elements of her past work, the ALJ found Sloan not disabled because she could return to the receptionist part of her past work. Substantial evidence does not support the ALJ's step four conclusion because Sloan's past work was a composite job. As such, the ALJ found Sloan not disabled at step four if she was able to return to her past work as actually performed. That is, she was able to return to both the store laborer and the receptionist part of her past work. Generally, a claimant is found not disabled at step four if she is able to return to her work as she performed it before her impairment or as it is generally performed in the national economy. When that past work is a composite job, however, the ALJ must evaluate the claimant's ability to perform her past work, analyzing the specific facts of the case. That is, the ALJ may only find that the claimant is able to return to her past composite job if she is able to do both parts of the composite job. Didn't the ALJ find, though, that she performed all of the duties of a receptionist for the DOT rec? The ALJ didn't address the composite job argument at all in the ALJ decision. The ALJ did find that she could return to the job of receptionist as per the DOT. However, whether she performed all of the tasks of a receptionist or only some of the tasks of a receptionist and some of the store labor isn't relevant. The commissioner defines a composite job simply as a job that consists of two or more DOT occupations. It doesn't discuss whether the claimant performs only some of those tasks of the job or all of those tasks of the job. The relevant question isn't whether she could go back to the particular job she had at Sam's, right? Correct. It's whether there's a receptionist job in the market that she could do, right? Well, that would be the case if it wasn't a composite job. I know. You want to assume it's a composite job. I'm not so sure that's true if she, in fact, was performing all the duties that a receptionist would do. Well, she was performing the duties of a receptionist and the duties of a store laborer. And that is the definition of a composite job, that she was performing two separate DOT titles. Now that's different. Wait, is that the definition of a composite job? Is it a composite job where somebody's doing one job and some of the duties of another, but not all of the duties of either? No, that is not the definition of a composite job. The defendant makes that argument in her brief. But in the Palms specifically, the composite job is defined simply as a job that has a blend of two or more occupations. One hallmark of a composite job is it takes more than one DOT title to describe the main duties of that job. But the Palms and the Definition of a Composite Job as one that only encompasses some of the tasks of each job. That is something that the defendant read into the definition that is not there. Judge Mensah in West V. Berry Hill in the Eastern District of Missouri addressed that specific argument in her case and noted that a composite job is simply a blend of duties. It doesn't matter if she's doing all the jobs of a receptionist or all the jobs of a store laborer. Well, let's say she was doing all the duties of both of those. And one was required medium exertion and one was light exertion. And she was still capable of doing all of the light exertion ones. Wouldn't it make sense that that's something she could still do? She might be able to still do that at Step 5, which would be a different analysis than what we are looking at here. The ALJ's decision itself ended at Step 4. At Step 4, we're simply talking about past relevant work. And the Commissioner's own guidance and her own rulings, when it is a composite job, the ALJ may not end the inquiry at Step 4 simply because she's able to perform part of that composite job. Now, if the ALJ had proceeded to Step 5 and found that she could do other work or found that she had transferable skills, that would have been a different decision. But here, the judge never proceeded to that part of the analysis. And on its own merit, he ended it at Step 5. And that's contrary to the Commissioner's own administrative guidance in the POMS, which the Commissioner is bound by. The composite job issue is different than how a job is generally performed in the national economy. SSR 8261 does say that a claimant can be found not disabled if she's able to return to work as it is generally performed or per the DOT. But that analysis deals with the person performing one duty at a different exertional level than as it is described in the DOT. And that's not what we had in this situation. In this situation, she was performing two separate jobs. The vocational expert at the hearing looked through the record before providing testimony, also heard Sloan's testimony at the hearing, and testified that her past work was a composite job. It was the vocational expert that identified the two DOT titles at issue, both the receptionist and the store laborer job. In the ALJ decision, he found that testimony credible and didn't provide any reason for departing from that vocational expert's testimony. Sloan testified about her past work and described performing both the receptionist duty as well as the store laborer duty. She indicated that she had to pull merchandise. She had to get that merchandise ready for members to come in. She had to mark it. She had to use a shopping cart or a flatbed at times. And indeed, if you read the definitions from the Dictionary of Occupational Titles, they both describe different parts of Sloan's job. Those were the main duties of her job, and as such, it was a composite job. Although the evidence shows that Sloan's past work was a composite job involving both the receptionist and store laborer tasks, the ALJ never analyzed that component of Sloan's past relevant work in his Step 4 analysis. He didn't engage in the fact-specific evaluation of Sloan's ability to perform her past relevant work. Instead, he took the least demanding aspect of her past relevant work, the receptionist job, and found that she could return to that per the DOT. However, as SSR 8261 makes clear, when the past work is a composite job, as it was in this case, the ALJ may only find the claimant is not disabled if she could perform all parts of that composite job. Indeed, the Palms themselves instructed ALJ not to evaluate a composite job under the generally performed test in the SSR, only under the actually performed test. I would like to save the rest of my time for rebuttal. Very well, you may do so. Thank you. Mr. Stewart, we'll hear from you. May it please the Court. Good morning, my name is Sean Stewart. I'm here on behalf of the The Court should affirm the Commissioner's decision the plaintiff could return to her past relevant work as a receptionist as that job is generally performed in the national economy. This job was not a composite job. Instead, this case represents the far more common situation where an ALJ finds a claimant not disabled based on their ability to perform their past work as it's generally performed in the national economy, even if the person couldn't necessarily perform their past work as they performed their specific job in the past. The plaintiff's argument rests in large part on several statements by the vocational expert at the hearing that plaintiff's past work was a composite job between the receptionist job and the store laborer job. But the ALJ was not bound by the vocational expert's statements. So what is a composite job? A composite job is one that has significant elements of two or more occupations and as such has no counterpart in the DOT. A job can be a composite job if it takes multiple DOT job descriptions to locate the main duties of the job. That's really the key in this case. What are the main duties? As I hinted at the outset, oftentimes there are cases where a person can't perform it, but they can perform it as it's generally performed. That's because different employers have different requirements in the economy. Two people could perform a job that falls under the same DOT code but have some variance in the demands of their job because what an employee has to do is dictated by the employer and the employer has different needs based on their business. But Ms. Overton says that that should be a Step 5 decision, not a Step 4 decision. Determining, well really what under the Social Security ruling 8261, this is a fact-based determination. The ALJ has to look at the facts of what that person was actually doing in their job and then determine what the main duties were. Then if they are performing the main duties of two different jobs, then that would be a composite job. We couldn't rely on the past work as it's generally performed and then we'd have to go to Step 5 if they couldn't perform the job as they specifically performed it. But the key here is that it's a fact-based decision based on the main demands of the person's job. In this case, substantial evidence supports the ALJ's finding that plaintiffs performed all the main elements, the main demands of their substance job, but did not perform all the main demands of the store laborer job. When we're looking at vocational questions at Step 4, there are really two sources of evidence that the ALJ will look at to determine the demands of the person's job. First, whenever anyone applies for disability benefits, they pull out a work history report form. In that form, they lay out what were the physical and mental demands of their past job. They describe their job duties. That provides the agency with information to help make that Step 4 determination. The other source of information that an ALJ will rely on is the person's testimony at the hearing. Generally, a person will be questioned by the representative or the ALJ will question the individual about what exactly they did at their past job to get enough information to be able to make that Step 4 finding. Here, I think the record shows that there was some conflict between the information that was in the work history report form and plaintiff's testimony at the hearing. If you look at the work history report form, which we discussed in detail in our brief, everything she indicated in the work history report form is consistent with the job of receptionist. If you look at the physical and mental demands of the job, as well as the actual duties that she was performing, she sat for seven hours a day. She didn't have to handle, grab, or grasp any heavy objects. She did things like take calls, address questions from customers, direct them where to go. The heaviest weight she ever lifted at that job, per her own work history report, was 10 pounds. She also indicated that she only spent a very small fraction of the day handling small items, and that consisted primarily of typing messages that she would take on the telephone, delivering reports to other employees in the store. Looking at that description, that's completely consistent with the job of receptionist. She was performing all those duties. There really wasn't a description of her performing any duties that were consistent with the job of store labor. At the hearing, her testimony was in conflict with what she'd put on her work history report form. She indicated that she'd go out on the floor, pull items for customers, lift objects that were up to 25 pounds. But even that testimony didn't really indicate what proportion of the day she spent doing those kinds of activities. You know, I get that. Does it matter that if you read the ALJ's opinion, the ALJ doesn't go through and specifically make fact findings on what the duties were and what was involved, and it doesn't make a credibility determination that this is a case where the evolving evidence is somehow being manipulated to create a composite job. I mean, there's none of that. I mean, the judge could have looked at the record and said, you know, I'm making fact findings, and here's the findings that I've made. But instead, the judge just sort of focuses in on residual functional capacity and on the disability aspect of the claim rather than a credibility determination. And so what you're asking us, I think, is to imply a credibility determination based on the ultimate outcome and based on the fact that the vocational expert said sounds like a composite job, which is not really the most definition of the endorsement of a finding that there is, in fact, a composite job by the VE, and it's pretty clear that the judge didn't find the composite job. Yeah, I don't know if it's really a credibility finding. I think the question really is, at step four, plaintiff had the burden to prove what the demands of her past job were. We have this very clear, very detailed work function report. It's entirely consistent with the job of receptionist. Then we have her testimony at the hearing, which there's really no indication how often she did that. Did she do it once a day? Did she do it once a week? How much time did she spend doing that? Was it five minutes? It certainly doesn't, based on her work history report, sound like she spent a significant portion of the day doing that. The judge, the clear evidence in this case shows that she was doing the receptionist's job. You could perhaps read into her testimony, infer that maybe she was performing that a significant portion of the day, maybe she wasn't, but the burden of proof is on her to prove that, and her testimony alone didn't prove that. Are you familiar with this West decision from the district court that was cited, West against Berry Hill? It's talking about the composite jobs rubric? Yes, Your Honor. The district court there says that accepting the commissioner's position could lead to a result contrary to step four's requirement that to qualify as past relevant work, a claimant's past work must be performed at the substantial gainful activity level. Do you have a response to that? I do. The problem you run into with a composite job is how much of the time are they spending performing the one aspect of their job versus the other? If they're doing both evenly, then it's very possible that the one half of the job that they were performing might not equate to substantial gainful activity, and this couldn't be a basis for this. Even if she was doing all the tasks of a receptionist, if she was only doing half the time, it might not be substantial. I think the analysis is how much time are they spending doing the job? What was the evidence here that would support finding that she was both performing all the tasks of a receptionist's job and doing it enough of the time to amount to substantial gainful activity? I think primarily the work history report where she indicated she was seated seven hours a day. If you look at the store laborer job, that's somebody who's going out onto the showroom floor, not stocking items but pulling items, handling merchandise, helping people with those kinds of things. That's a more active job. That's a medium exertional level job where you're doing a lot of standing and walking, and you're doing a lot of lifting and lifting up to 50 pounds. Here in the work history report, she said the most weight she ever lifted was 10 pounds. Even at the hearing, I believe she testified that primarily she'd only lift up to 10 pounds. There may have been a time or two where she had to lift up to 25, but I think any reasonable interpretation of her testimony was that that was not any significant portion of the time she spent. So how much does she have to do the receptionist's job for it to be substantial gainful activity? Well, there's no bright line rule on that. It's really up to the ALJ as the fact finder to make the decision. But I think here, based on the work history report, she was clearly spending essentially the entirety of her day performing the receptionist's job. Well, I don't know what you mean when you say it's up to the ALJ as a fact finder. There must be a legal standard at some point that says if the ALJ finds she's doing it only half time and says that's substantial gainful activity, I thought you were saying, no, that wouldn't be sufficient. Well, in this case, it's impossible to break down exactly how much time she was spending doing each, and that's not really the requirement under SSR 8261. The ALJ just has to look at the facts, and I think the ALJ's reading of the facts in this case was at least a reasonable interpretation within the zone of choice. Could another fact finder look at the facts and make a different decision? Possibly, but I think the ALJ's decision was within the zone of choice and under the applicable standard of where you should be affirmed. Thank you. All right. Thank you for your argument. Mr. Stewart, Ms. Overton, we'll hear from you in rebuttal. Thank you. First, I would just note that the ALJ is not bound by the vocational expert, does not have to agree with the vocational expert, but here the ALJ specifically found that testimony credible. SSR 8262, which talks about step four findings, requires that the ALJ weigh both the medical and non-medical facts before making a determination. Here the ALJ indicated that that VE testimony was credible and never provided any analysis about why he departed from that VE testimony. Well, it's not really a credibility question. Is it whether it was a composite job? It's not that the VE was incredible. It's just whether the judge agreed as a legal matter that this was a composite job or not. Well, the VE testified that it was a composite job, and the ALJ said that testimony was credible. Now, if the ALJ had decided that the job was not a composite job and gone through that analysis and provided an explanation that we could review now and determine why the ALJ departed from that VE testimony, then that would be a different story. But here the ALJ accepted that VE testimony and then departed from it without providing an explanation for doing so. I would also just like to discuss the difference between a generally performed analysis and the composite job analysis, and I think that the Eleventh Circuit case that's actually cited in the defendant's brief helps point out that difference. In the Smith case, the claimant was performing the job as a telephone attendant and was also hanging rent notices, and there the Eleventh Circuit found that the claimant could not go back to the job as he did it, as generally performed, because he was just performing one function at a different exertional level than that telephone job was typically performed. And the VE at that hearing had listened to that testimony and determined that that was not a composite job because there was no other DOT title to describe the hanging rent notices. This is a completely different case than that. In fact, that would be a generally performed analysis. Here she was performing those significant jobs of a store laborer as she testified to. To the extent that her testimony was inconsistent with her work history report, it was up to the ALJ to at least provide some sort of an explanation and resolve that inconsistency in the decision rather than simply providing the conclusion as he did in this case. Thank you. All right, thank you for your argument. The case is submitted and the court will file an opinion in due course.